### C. B. LIVESTOCK COMPANY v. PINK PARRISH ET AL.

Decided February 26, 1910.

**Injunction—Dissolution—Appeal—Filing Transcript.**

On an appeal from an order dissolving a temporary writ of injunction the transcript must be filed in the Court of Civil Appeals within fifteen days after the date of the order. This matter is jurisdictional, and the appellate court has no authority to extend the time even by agreement of parties.

Appeal from the District Court of Crosby County. Tried below before Hon. Jo. A. P. Dickson.

*J. W. Burton, Lloyd A. Wicks* and *H. C. Randolph,* for appellant.

*W. E. Crawford* and *L. W. Dalton,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a motion by appellant for leave to file transcript, statement of facts and brief, and to advance the cause in an interlocutory injunction case. From the motion, it appears that the judge of the Fiftieth Judicial District, on December 18, 1909, sustained a motion to dissolve a temporary injunction theretofore granted by him, whereupon this appellant, the plaintiff below, gave notice of appeal, and two days later filed its appeal bond, but failed to file the transcript with the clerk of this court within fifteen days after the entry of such order. A sufficient excuse, if an excuse can be heard, is made for this failure, and the appellees waive such filing and join in appellant's prayer asking that the transcript may be filed at this time. So that we are confronted with the naked legal question whether or not we have jurisdiction to entertain the appeal where the transcript is not filed within the time prescribed by law.

Ordinarily an appeal is perfected and the jurisdiction of this court attaches on the filing of the appeal bond, and that may be, and doubt-less is, true under our present statute in cases of appeal from interlocutory orders in injunction cases. It is further ordinarily true that the failure to file a transcript within the statutory time is not jurisdictional, but may be waived. The reason for this is that the Legislature evidently so intended, as witness the language of article 1015 (Sayles' Texas Civil Statutes): "The appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the performance (perfecting) of the appeal or service of the writ of error; provided, that for good cause the court may permit the transcript to be filed thereafter upon such terms as it may prescribe."

Prior to the Act of 1907 appeals were not allowed from interlocu-

tory orders in injunction cases. By that Act (General Laws of Texas, 1907, page 206), as amended by the Act of 1909 (General Laws of Texas, 1909, page 354), it is provided: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved under any of the provisions of this title in term time or in vacation, may appeal from the order of judgment granting, refusing or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from unless it shall be so ordered by the court or judge who enters the order, provided the transcript in such cases shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of the record of such order or judgment granting, refusing or dissolving such injunction." In order to expedite such appeals the next succeeding section of the Act dispenses with the necessity for briefing such case in the Court of Civil Appeals or Supreme Court, and directs that the same may be heard in said courts on the bill and answer and such affidavits and evidence as may have been admitted by the judge granting, refusing or dissolving such injunction. Another section provides that such an appeal shall have priority in the Court of Civil Appeals or Supreme Court over other pending cases. In view of the emphatic language above quoted as to the time for filing the transcript, and the evident purpose of the Legislature that such appeals should in no event be long delayed, we think it quite clear that we have no discretion to permit the filing of the transcript after the time provided by law has elapsed. If we could for good cause extend the time one week, we might do so for any number of weeks, and thus not only delay the hearing of such appeal, but probably do so beyond the time when the case proper would be heard on its merits in the trial court, whereas the appeal to be of value to either party should be determined before the case is reached for trial below. While this consideration of course is in no manner jurisdictional within itself, it at least affords a reason, if one were needed, why the Legislature provided that the transcript on appeal from an interlocutory order should not be filed in this court after fifteen days from the date of the order appealed from.

The motion is therefore overruled, and, of our own motion, the appeal dismissed.

*Motion overruled and appeal dismissed.*