HAMNER v. GARRETT et al.

(Court of Civil Appeals of Texas. Oct. 15, 1910.)

1. STATUTES (§ 184*)—CONSTRUCTION—LEGISLATIVE INTENT.

The court in determining the scope of a statute must consider the evil intended to be remedied in connection with the law as it previously existed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 262; Dec. Dig. § 184.*]

2. APPEAL AND ERROR (§ 339*)—TIME FOR APPEAL—INJUNCTION—FINAL JUDGMENT.

Acts 30th Leg. c. 107, § 2, as amended by Acts 31st Leg. c. 34, § 2, authorizing an appeal from an order granting, refusing, or dissolving a temporary injunction, affords a speedy remedy by immediate appeal from such an order not previously allowed by law, irrespective of the final determination on the merits, and an appeal from a final judgment dissolving a preliminary injunction and dismissing the suit is not affected thereby, but is regulated by the statute regulating appeals generally.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 339.*]

Appeal from District Court, Mitchell County; Jas. L. Shepherd, Judge.

Action by Ed. J. Hamner against B. N. Garrett and another. From a judgment of dismissal, plaintiff appeals. Motion to advance and dismiss denied.

Ed. J. Hamner and Stephens & Miller, for appellant. W. B. Crockett and F. G. Thurmond, for appellees.

SPEER, J. On July 2d at the last term we refused appellees' motion to advance this cause and dismiss the appeal. In view of the importance of the question involved, it being entirely new so far as our search of the authorities has disclosed, and of the earnest insistence of the appellees' that we erred in our former order, we have again carefully considered the motion.

The question presented involves the interpretation of the act of the Thirty-First Legislature relating to injunctions (Acts 1909, p. 354), and especially of section 2 of that act. The action is one instituted by Ed. J. Hamner against a number of defendants seeking the construction of certain contracts and the adjustment of the pecuniary liability among the several parties growing out of such contracts, and craving a writ of injunction restraining the defendants from the commission of certain acts therein complained of. On January 20, 1910, during a regular term of the district court of Mitchell county, the cause was regularly reached and called for trial, and a final judgment entered. This judgment among other things ordered that the defendants' motion to dissolve the preliminary injunction previously granted and the general demurrer to plaintiff's petition should be sustained, and the suit as to said defendants was dismissed. To this judgment and order of the court the plaintiff excepted and gave notice of appeal to this court, and an order was made granting him 30 days after adjournment in which to prepare and file statement of facts and bills of exceptions. On January 31st the plaintiff filed his appeal bond, and on February 8th the transcript of the proceedings was filed in this court. It is the contention of appellees that the transcript should have been filed within 15 days after the entry of the judgment dissolving the injunction.

The act of the Thirty-First Legislature already referred to is an amendment of Sayles' Ann. Civ. St. 1897, art. 2989, and perhaps at present constitutes the only express authority conferred upon judges of the district and county courts to grant writs of injunction generally. Section 1 of that act amends article 2989 proper, while section 2, amending section 2 of chapter 107 of the Acts of the Thirtieth Legislature, provides for an appeal, and is as follows: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved under any of the provisions of this title in term time or in vacation may appeal from the order of judgment granting, refusing or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the injunction of the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction." Section 3 provides that it shall not be necessary to brief such case in the Court of Civil Appeals or Supreme Court, but that the case may be heard on the bill

and answer and such affidavits and evidence as may have been admitted by the judge granting, refusing, or dissolving the injunction. Section 4 declares that such case shall be advanced in the Court of Civil Appeals or Supreme Court on motion of either party, while section 5 repeals all laws and parts of laws in conflict with the act.

It will be noticed from our statement that this appeal is from a final judgment entered in the cause in term time, and not from an interlocutory order dissolving the writ of injunction. The question, then, is: Do the provisions of the act under consideration apply to this character of case? If they do, the case of Livestock Co. v. Parrish, 127 S. W. 854, by this court, determines appellees' contention in their favor. We there held that this court was without jurisdiction to entertain an appeal from an interlocutory order· dissolving a temporary writ of injunction where the transcript on such appeal was not filed within 15 days from the entry of record of such order. It is true that section 2 above quoted authorizes an appeal whether the order granting, refusing, or dissolving the temporary writ of injunction be made in term time or in vacation, but this is not conclusive that the act was intended to apply to all appeals in civil cases wherein writs of injunction were granted, refused, or dissolved. A critical examination of the section under review will disclose that the particular order from which an appeal is authorized by the act is that "granting,· refusing, or dissolving" the temporary writ of injunction, and does not in terms or by fair implication embrace or attempt to control appeals provided for by general law from the final judgment entered in the cause, even though such final judgment incidentally may determine the right to an injunction in such cause. In other words, the act neither grants nor regulates the right of appeal from final judgments in injunction cases. A proper way to determine the scope of the act is to consider the evil intended to be remedied in connection with the law as it had previously existed. Prior to the act of 1907 (Gen. Laws 1907, p. 206), of which the one under review is an amendment, appeals were not allowed from interlocutory orders in injunction cases, but whatever the merits of the application when refused, or whatever its demerits when granted, the party injuriously affected was remitted to his slow and tedious remedy of appeal from the final judgment in the cause when the case was finally reached in the trial court. It was the purpose of the act, then, to afford a speedy remedy by an immediate appeal from the order granting, refusing, or dissolving the temporary writ, irrespective of the final determination of the merits of the cause to which the injunction was an incident, and this, too, whether the order with respect to the injunction be made in term time or in vacation. This in no way contemplates an appeal from a final judgment. This is the appeal that may be heard in the Court of Civil Appeals or Supreme Court on the bill and answer without the necessity for a brief, and this is the appeal that must be advanced in those courts on motion of either party. To give to the act the effect contended for by appellees would be to repeal by implication the numerous provisions of the statute regulating appeals generally as applied to injunction cases, thereby most materially abridging the rights of the parties to such suits, when the evident purpose of its framers was to enlarge the rights of such parties by conferring upon them a remedy they had previously not possessed, viz., the right to an immediate review of that branch of their case granting, refusing, or dissolving the temporary writ of injunction. If the present appeal, then, is not embraced within the act of the Thirty-First Legislature, appellant's right to appeal is governed by the law as it aforetime was, and his transcript has been filed in due time. The same reasoning would deny appellees' right to have the cause advanced, since it is only the cases embraced in the act of 1909 that are required by that act to be advanced on the dockets of this court. Aside from that act and the one of which it is amendatory, there is no statute or rule requiring injunction cases to be advanced in the Court of Civil Appeals. These are our reasons for refusing to dismiss the appeal or to advance the cause which appellees have so earnestly insisted should be given.

Motion overruled.