**MARTIN v. DANIEL et al.   (No. 9126.)**

(Court of Civil Appeals of Texas.   Dallas.
Oct. 11, 1924.)

*Appeal and error* ⟨⟩79(1)—*Judgment dispos-
ing of only one party and one of many issues
not appealable; "final judgment."*

A judgment disposing of only one party,
and one only of the many issues, namely, one
party's plea of res judicata, is not the "final
judgment" required by Rev. St. art. 1997, and
so under article 2078 not appealable.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Final
Decree or Judgment.]

Appeal from District Court, Dallas Coun-
ty; Louis Wilson, Judge.

Suit by J. W. Daniel and another against
G. C. Martin, with cross-action by defendant
against plaintiffs, and another.   The third
party's plea of res judicata and abatement
was sustained, and defendant appeals.   Ap-
peal dismissed.

See, also, 164 S. W. 17.

Jones & Jones, of Mineola, and John T.
Spann, of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas,
for appellees.

JONES, C. J.   Suit was filed October 3, 1911,
in the district court of Dallas county by J.
W. Daniel and T. J. Dudley v. G. C. Martin,
appellant in this case, for the recovery of
damages alleged to have resulted from the
failure of appellant to perform a contract ob-
ligation he had theretofore entered into with
the said Daniel and Dudley.   Another pur-
pose of the suit was the cancellation of a
certain promissory note executed by the
Hardwick-Abbott Manufacturing Company
with the said Daniel and Dudley as sureties
and in favor of appellant.   This note is in
the principal sum of $2,000, and was execut-
ed on August 3, 1911.   A temporary writ of
injunction was secured by the plaintiffs in
their suit restraining appellant from nego-
tiating or in any way disposing of this said
note, and the United States Fidelity & Guar-
anty Company, appellee, signed, as surety,
the injunction bond.

Appellant filed his answer in said suit, al-
leging matters of defense against the suit for
damages, and also against the allegations re-
lied upon for the cancellation of the said note.
Appellant also filed a cross-bill seeking a re-
covery on the note.   Later, by an amended
answer, appellant urged the same defensive
matters and the same cross-action for recov-
ery on the note, and, by additional allega-
tions in his cross-action, sought to recover
damages by reason of the injunction, alleg-
ing that at the time the injunction was is-
sued the principal and sureties on the note

were solvent and the note was negotiable and
would have been negotiated by him for its
face value but for the injunction that forbid
such negotiation; that, since the issuance of
the injunction, all the parties responsible for
the payment of said note had become insol-
vent, and plaintiff had thereby suffered dam-
ages in the amount of said note.   Appellant
also sought in this cross-action a recovery
against appellee in the amount of his alleged
damages because of its being surety on the
injunction bond.

A trial of this case was finally had in the
district court on its merits, with the result
that a judgment was entered against appel-
lant on every issue made by the pleadings
and in favor of the plaintiffs in said suit, the
Hardwick-Abbott Manufacturing Company
and appellee.

Appellant perfected his appeal from this
judgment to this court, but in said appeal
assigned no error on the judgment in favor
of appellee.   This court reversed and remand-
ed said cause, and overruled a contention
made by appellee that the judgment should be
affirmed as to it.

When the case was again called for trial
in the district court of Dallas county appel-
lee presented what it termed a plea of res
judicata and abatement.   This plea was
heard previous to a trial of the case on its
merits and sustained by the trial court.   In
fact, the case had not been tried on its merits
in the district court at the time of this
submission.

Without a disposition of the entire case,
and with same, except as to appellee, remain-
ing to be tried by the district court, appellant
perfected his appeal to this court, and seeks
a review of the ruling of the trial court on
sustaining this said plea.   The first question,
therefore, presented to this court is whether
such appeal will lie.   If it will not, then
this court is without jurisdiction to review
such order of the trial court.

Article 1997 of the Revised Statutes reads:

"Only one final judgment shall be rendered in
any cause, except where it is otherwise spe-
cially provided by law."

Article 2078 provides, in effect, that an ap-
peal or writ of error may be taken to the
Court of Civil Appeals only after a final
judgment in the trial court.   There are stat-
utes authorizing appeals from interlocutory
orders and judgments of the trial courts in
special cases, but the right of appeal in the
instant case is not given by any of these stat-
utes.

In the instant case a final judgment will be
such judgment that disposes of all the par-
ties and all the issues made by the pleadings
and the evidence upon its trial.   When such
judgment is rendered, then only is this court
permitted to take cognizance of a duly per-
fected appeal.   Masterson v. Williams (Tex.

Sup.) 11 S. W. 531; Steinhardt v. Galveston Cottonseed Meal Co. (Tex. Civ. App.) 138 S. W. 825; Saenz v. Cohn (Tex. Civ. App.) 148 S. W. 367; Williams v. Bell & Co., 3 Tex. Civ. App. 474, 116 S. W. 837; Culberson County v. Groves Lbr. Co. (Tex. Civ. App.) 191 S. W. 165; Kinney v. Tri-State Tel. Co. (Tex. Com. App.) 222 S. W. 227.

It therefore follows that, as this appeal is from a judgment which only disposes of one of the several parties to the case, and adjudicates only one of the many issues made by the pleadings, it is not from a final judgment and must be dismissed.

This order of dismissal is made without prejudice to appellant to perfect his appeal on the issues here raised after a final judgment in the case should he desire to do so.

Appeal dismissed.