**DODSON v. INGRAM et al.** (No. 196.)

(Court of Civil Appeals of Texas. Waco. March 12, 1925.)

1. **Appeal and error** ⊜⟫339(4)—**To confer jurisdiction on Court of Civil Appeals, appeal from order dissolving temporary injunction appeal must be filed within 20 days after entry of order appealed from.**

To confer jurisdiction on Court of Civil Appeals, appeal from order dissolving temporary injunction must be filed within 20 days after entry of order appealed from, in view of Vernon's Ann. Civ. St. Supp. 1922, art. 4644.

2. **Appeal and error** ⊜⟫792—**Lack of jurisdiction apparent on face of record is fundamental error, requiring dismissal of appeal.**

Lack of jurisdiction apparent on face of record is fundamental error, requiring dismissal of the appeal.

Appeal from District Court, Limestone County; J. R. Bell, Judge.

Suit by Jack Dodson against L. J. Ingram and others. From an order dissolving a temporary injunction, plaintiff appeals. Appeal dismissed.

John M. Spellman, of Dallas, and Osborne Kennedy, of Mexia, for appellant.

---

⊜⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Andrews, Streetman, Logue & Mobley and Jesse R. Stone, all of Houston, for appellees.

STANFORD, J. [1] This is an appeal from an order dissolving a temporary injunction, entered in the court below May 3, 1924, more than 20 days after said order was entered. Article 4644 of Vernon's Statutes of this state, 1922 Supplement, provides as follows:

"Any party or parties to any civil suit wherein a temporary injunction may be granted or refused, or having been granted shall on motion be dissolved, or when motion to dissolve has been overruled, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting or refusing, or dissolving or refusing to dissolve such injunction, to the Court of Civil Appeals having jurisdiction of such appeal; but such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than twenty days after the entry of record of such order or judgment granting, refusing, dissolving or refusing to dissolve such injunction."

Under the above article, it is uniformly held that the appellate court can acquire jurisdiction only when the record is filed in the appellate court within the time specified.

[2] This question is not raised by appellees, but it is fundamental error, apparent upon the face of the record, that this court has no jurisdiction, and it becomes our duty to dismiss this appeal. Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526, 527; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; C. B. Live Stock Co. v. Parrish, 59 Tex. Civ. App. 386, 127 S. W. 854; Powdrill v. Powdrill (Tex. Civ. App.) 134 S. W. 272; Brown v. Levingston (Tex. Civ. App.) 206 S. W. 861; Jowell v. Lamb (Tex. Civ. App.) 207 S. W. 987; Scott v. Board of Trustees (Tex. Civ. App.) 223 S. W. 253; Stripling v. Partin (Tex. Civ. App.) 223 S. W. 527.

Appellant's appeal is hereby dismissed.