## McFADDIN v. NECHES CANAL CO.
### (No. 1309.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 3, 1925.)

**Appeal and error ⬰627(2)—Appeal from order refusing injunction dismissed, where transcript is not filed within 20 days.**

In view of Vernon's Ann. Civ. St. Supp. 1922, art. 4644, Court of Civil Appeals will dismiss, for want of jurisdiction, an appeal from an order refusing a temporary injunction, where transcript is not filed within 20 days after entry of judgment.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Suit by W. P. H. McFaddin against the Neches Canal Company. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

Howth, Adams & Hart, of Beaumont, for appellant.

Geo. Chilton, of Beaumont, for appellee.

O'QUINN, J. This is an appeal from an order refusing a temporary injunction. The judgment refusing the injunction was entered April 18, 1925. The transcript on appeal was filed in this court on May 14, 1925.

The right of appeal in cases of this character is controlled by article 4644, Vernon's Ann. Civ. St. Supp. 1922, and reads:

"Any party or parties to any civil suit wherein a temporary injunction may be granted or refused or having been granted shall on motion be dissolved, or when motion to dissolve has been overruled, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting or refusing, or dissolving or refusing to dissolve such injunction, to the Court of Civil Appeals having jurisdiction of such appeal; but such appeal shall not have the effect to suspend the order appealed from, unless it shall be so ordered by

the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the court of civil appeals not later than twenty days after the entry of record of such order or judgment granting, refusing, dissolving or refusing to dissolve such injunction."

It appears that the transcript was filed in this court on the twenty-sixth day after the judgment was entered. The statute, article 4644, supra, is mandatory that the transcript must be filed within 20 days after the entry of the judgment. In order to confer jurisdiction of the appeal, the transcript must have been filed in this court within 20 days from April 18, 1925. Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526; Scott v. Board of Trustees (Tex. Civ. App.) 223 S. W. 253; Dallas County, etc., v. Pruitt (Tex. Civ. App.) 245 S. W. 85; Dodson v. Ingram (Tex. Civ. App.) 270 S. W. 575.

Appeal dismissed.