There is no merit in appellant's proposition that the statement of the witnesses that the deceased "jumped under the train" and "leaped under the train" constituted mere conclusions of the witnesses, and not fact statements.

Appellant offered testimony to the effect that, shortly before his death, the deceased received an injury to his head, causing him to suffer dizzy spells; she advances the proposition that, under the evidence, it was a question of fact for the jury whether the deceased voluntarily jumped under the train or fell under the train as a consequence of a dizzy spell. The testimony was conclusively to the effect that the deceased on his own volition jumped under the train; the circumstances surrounding his death raised no inference that he fell under the train as a result of a dizzy spell.

The judgment of the lower court is affirmed.

WALKER, Chief Justice.

On the 6th day of March, 1937, Hon. C. E. Brazil, judge of the district court of Angelina county, entered his order in this case refusing to dissolve a temporary writ of injunction theretofore granted by him, restraining the enforcement of a judgment recovered by appellant, Alexander Film Company, against appellee, Joe Tilley, in justice court. From that order appellant attempted to appeal to this court, but did not file its transcript in this court until the 15th day of April.

We sustain appellee's motion to dismiss the appeal; the transcript was filed too late to confer jurisdiction upon this court. Article 4662, R.S.1925; McFaddin v. Neches Canal Company, Tex.Civ.App., 278 S.W. 931; 3 Tex.J. 732, 733, and the many authorities therein cited.

Appeal dismissed.

## HARRELL et al. v. TILLEY.

### No. 3229.

Court of Civil Appeals of Texas. Beaumont.

Dec. 9, 1937.

Geo. E. Ross, of Houston, for appellant.
H. R. Rolston, of Lufkin, for appellee.

## LARSON et al. v. WHITTEN.

### No. 8553.

Court of Civil Appeals of Texas. Austin.

Dec. 1, 1937.

Rehearing Denied Dec. 31, 1937.

