## BOOTH v. AMICABLE LIFE INS. CO. et al.

### No. 2317.

Court of Civil Appeals of Texas. Waco.

Oct. 3, 1940.

Rehearing Denied Oct. 24, 1940.

Walter T. Keith and George N. Lusch, both of Houston, for appellant.

W. E. Terrell, and O. F. Jones, both of Waco, for appellees.

HALE, Special Justice.

Amicable Life Insurance Company instituted this suit in the District Court of McLennan County, by bill of interpleader filed on February 22, 1940, against J. W. Renfro, Mrs. Ruth O. Booth Buvens and husband, and Mrs. Mary Elizabeth Booth, as claimants to the sum of $3,495.68 due on three certain policies of insurance issued to Euwell Booth as insured. The company admitted its liability to pay such sum to the rightful claimant, and simultaneously with the filing of its petition it deposited that amount into the registry of the court, there to abide judgment in the cause. It alleged that each of the defendants had asserted and was claiming the right to receive the entire amount due under such policies, and it plead facts showing that it was in real doubt as to which of the claimants was entitled to receive the proceeds. It further alleged that it was threatened with litigation by reason of such conflicting claims against which it had no adequate remedy at law. It prayed for the immediate issuance of a temporary injunction, enjoining each of the defendants from instituting any suit or proceeding in any court on account of the proceeds due under said policies, and that upon final hearing, the court determine the cause and approve its payment into the registry of the court of the amount due under said policies, that it be discharged from further liability, and that such injunction be made permanent.

Upon the presentation of the petition, the trial court, without notice to the adverse parties, entered his order granting the injunction upon the filing of proper bond, and directed the clerk to issue the writ, together with a copy of the court's order requiring the defendants to file their respective answers or other defense to the bill of interpleader, on or before the beginning of the next regular term of court on the 11th day of March, 1940, and to show cause, if any they had, as to why the plaintiff should not be discharged from further liability, and recover its costs. The required bond having been filed and approved, the writ of injunction, together with a copy of the court's order granting the same, was properly issued and served on Mrs. Booth on February 26, 1940.

On March 8, 1940, Mrs. Booth, individually and in her capacity as temporary administratrix, filed in this cause her motion to dissolve the temporary injunction, alleging that on March 6, 1940, she had filed application in the probate court of Harris county to be appointed temporary administratrix of the estate of Euwell Booth, and that an order was then entered by such court so appointing her, with authority to prosecute claim for the funds which the Insurance Company had tendered into the registry of the district court of McLennan county. She also filed her plea in abatement, and her answer, consisting of general and special exceptions, a general denial, and her claim that neither J. W. Renfro nor Mrs. Buvens had any insurable interest in the life of the deceased at the time of his death, and she prayed that the funds tendered into court by the plaintiff be turned over or transferred to the county court of Harris county, or to her as temporary administratrix, and for such other and further relief as she may show herself entitled to.

On March 9th, Mrs. Buvens and J. W. Renfro each filed a separate answer and cross petition, each alleging facts showing a right to recover from the insurance company the total amount due under said policies, and each praying for judgment against the insurance company for such amount, or in the alternative, that the clerk of the court be ordered to pay the entire proceeds from said policies to each of them respectively.

On March 23d, the motion of Mrs. Booth to dissolve the injunction, and her plea in abatement and exceptions came on to be heard, at which time the plaintiff introduced evidence in support of the material allegations in its bill. After hearing the evidence, the trial court immediately announced his rulings on the matters pre-

sented, but the order evidencing such rulings was not actually signed and entered of record in the minutes of the court until April 1, 1940. The order as entered is quite lengthy, consisting of findings of fact in keeping with the allegations in the plaintiff's bill of interpleader, and against the contentions urged by Mrs. Booth in her motion to dissolve. Such order provides in substance that the action of the insurance company in filing its bill of interpleader and in paying the net amount of the proceeds of said policies into the registry of the court, is in all things permitted and approved; that the motion to dissolve injunction, as well as the plea in abatement, demurrers, and all exceptions relating to said bill of interpleader, are overruled; that the insurance company is discharged and relieved from all further liability in connection with the issuance of said three policies of insurance, and that such liability is in all things whatsoever, and to all persons whomsoever, terminated, and that the writ of injunction theretofore issued is declared continuing and permanent. The order concluded thus: "to all of which action of the court the defendant, Mrs. Mary Elizabeth Booth, in open court, duly excepted and gave notice of appeal to the Court of Civil Appeals of the Tenth Supreme Judicial District of Texas, at Waco."

The transcript and statement of facts were each filed with the clerk of this court on April 25, 1940. The insurance company filed its motion to dismiss the appeal on the ground that the transcript was not filed in time. Thereafter various motions and replies were filed and on September 26th the whole matter was submitted to this court on oral arguments by counsel for the respective parties.

It would serve no useful purpose to set out the various contentions of the parties concerning the merits of the case, or to express our views with respect thereto, because we have reached the conclusion that a correct analysis of the record here presented requires us to hold, for the reasons hereinafter set forth, that this court is without jurisdiction to pass upon any issue in the case.

Article 4662 of the 1925 Revised Civil Statutes authorizes an appeal from an interlocutory order wherein a temporary injunction may be granted or refused, or when motion to dissolve has been granted or overruled, by filing the transcript in such case with the clerk of the appellate court not later than twenty days after the entry of record of such order or judgment. No excuse is shown for the failure to file the transcript in this cause within twenty days from April 1, 1940, as required by the statute, and no excuse for such failure could be shown, because the filing of the transcript within the time required by the statute is mandatory and jurisdictional. Dallas County Arcadia Fresh Water Supply Dist. No. 1 v. Pruitt, Tex.Civ.App., 245 S.W. 85; Stephenson v. Black Bros. Co., Tex.Civ.App., 265 S.W. 1119; Dodson v. Ingram, Tex.Civ.App., 270 S.W. 575; McFaddin v. Neches Canal Co., Tex.Civ. App., 278 S.W. 931; Harrell v. Tilley, Tex.Civ.App., 111 S.W.2d 736; Texas Farm Products Co. v. Thompson, Tex.Civ. App., 127 S.W.2d 492. Therefore, under the record presented, this court is without jurisdiction to pass upon the order or judgment complained of, in so far as the same overruled and refused the motion of the appellant to dissolve the temporary injunction, and unless such order is a final judgment so as to be appealable without regard to the provisions of Art. 4662, then this court has acquired no jurisdiction whatsoever over the litigation.

It is elementary that only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law. Such is the express provision of Article 2211 of the 1925 Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 2211. It has been repeatedly held that the test of whether a judgment is final so as to be appealable, is whether it disposes of the whole matter in controversy as to all of the parties. Whitaker v. Gee, 61 Tex. 217; Mignon v. Brinson, 74 Tex. 18, 11 S.W. 903; Havard v. Carter-Kelley Lbr. Co., Tex.Civ.App., 162 S.W. 922; Gulf, C. & S. F. R. Co. v. Atlantic Fruit Distributors, Tex.Civ.App., 184 S.W. 294; Wright v. Chandler, Tex.Civ. App., 173 S.W. 1173; Busby v. Schrank, Tex.Civ.App., 174 S.W. 295; Martin v. Daniel, Tex.Civ.App., 265 S.W. 409; Pecos & N. T. R. Co. v. Epps & Matsler, Tex. Civ.App., 117 S.W. 1012; Texas Cities Gas Co. et al. v. Dickens, Tex.Civ.App., 133 S.W.2d 810.

While the order attempted to be appealed from does have certain earmarks of a final judgment, in that it purports to approve the action of the insurance company in filing its bill of interpleader, and

it purports to relieve and discharge the insurance company from further liability, and it purports to make the temporary writ of injunction permanent, yet it is thought that such provisions must, in the light of the pleadings and the other provisions of the judgment itself, be construed merely as interlocutory orders to be carried forward ultimately into the final judgment to be rendered and entered upon the disposition of the cause. The order recites on its face that the cost in the sum of $10 incurred by the insurance company shall be taxed as part of the costs in the case, to be refunded to the insurance company "upon the final disposition of the cause". We are not called upon to decide, and do not decide whether the cause asserted by the insurance company against the several claimants was a separable controversy from that which exists between the claimants, because no effort whatsoever was made by the trial court to sever such causes, if indeed they be severable. The insurance company alleged in its bill of interpleader that each of the defendants had asserted and was claiming the right to receive the entire amount due under the three policies, and it sought to require them to set up their claims in its suit in the 19th District Court, and it prayed that such court determine the cause and approve its payment into the registry of the court of the amount due by it. The several claimants did appear and did set up their respective claims to the funds in controversy, as shown by their pleadings. However, such conflicting claims have not been passed upon or disposed of, and no contention is or could properly be urged here to the effect that any attempt whatsoever was made by the terms of the judgment in question to dispose of the whole matter in controversy as to all of the parties reflected by the pleadings. No attempt was made by the terms of the judgment to sever a controversy existing between the insurance company on the one hand and the several claimants on the other hand, from an additional or independent controversy existing solely among the several claimants. The mere fact that the order erroneously recites that the injunction has been made permanent does not, under the circumstances, make such injunction permanent as a matter of law, if indeed such judgment is not a final one. Nor does the improper recitation in such order to the effect that the insurance company is discharged from further liability accomplish that end, if indeed the judgment is not a final one. We know of no reason why the trial court could not, or should not, if future developments should require it, change any of the provisions of the order attempted to be appealed from. After carefully reviewing the pleadings and the order which was actually entered, we have concluded that the latter is not a final judgment within the purview and meaning of the law as applicable to this case.

We also call attention to the fact that no bond as required by Article 2265 of the 1925 Revised Statutes is contained in the transcript, nor is there any affidavit in lieu thereof. The only notice of appeal is that contained in the order which recites that "The defendant, Mrs. Mary Elizabeth Booth, in open court duly excepted and gave notice of appeal". Mrs. Booth was made a party defendant only in her individual capacity. While she recited in her pleadings that she was appearing individually and as temporary administratrix, we believe the record is insufficient to show that she has perfected any appeal in her fiduciary capacity as such temporary administratrix, and certainly she has not done so in her individual capacity.

Having concluded that this court is without jurisdiction to pass upon any issue in the case, the appeal is dismissed.