FORT WORTH & DENVER CITY RAILWAY COMPANY v. W. L. UNDERWOOD.

Decided May 13, 1905.

1.—Carriers of Freight—Oral and Written Contract to Furnish Cars.

Where plaintiff sued for damages resulting from the breach of an oral contract to furnish him with cars for shipping cattle and defendant pleaded a subsequent written contract which released it from liability for breach of the oral contract, it was error to ignore the written contract.

**2.—Same—Written Contract—Pleading Requisite.**

In the absence of a pleading putting in issue the validity of the written contract it imparted a consideration, besides reciting as its consideration a reduction in the freight rate which there was no evidence to disprove.

Appeal from the County Court of Childress. Tried below before Hon. W. B. Howard.

*Spoonts & Thompson, Fires & Decker* and *Marshall Spoonts,* for appellant.—Where, at the time of parol contract between a shipper of livestock and a carrier, the shipper expected to sign a written contract, and he subsequently did so, he was not in a position to avoid the force of provisions in the written contract, and the written contract must be taken as merging all previous understandings between the parties; and it was error to admit testimony of prior parol agreement between the shipper and the carrier, which in no manner varied or contradicted the terms of the written contract. Fort Worth & D. C. Ry. Co. v. Wright, 58 S. W. Rep., 847; C. R. I. & T. Ry. Co. v. Halsell, 81 S. W. Rep., 1243; San Antonio & A. P. Ry. Co. v. Barnett, 66 S. W. Rep., 474.

*W. H. Bullock, E. E. Diggs* and *S. G. Tankersley,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Delay in furnishing cars for the transportation of cattle from Childress, Texas, to Kansas City, Missouri, was the ground for recovery in this cause, appellee having declared on an oral contract obligating appellant to furnish the cars within a specified time. Appellant pleaded a written contract executed subsequent to the oral one, which contained a clause releasing it from any claim for damages arising from a breach of the oral contract. Appellee made no reply to this defense.

Appellant not only objected to proof of the oral contract, but read in evidence the written contract and requested the court to instruct the jury to "consider such written contract and the conditions therein contained, limiting plaintiffs to recover damages occasioned prior to the signing of such contract." The court refused to give this instruction, and to this, as well as to the court's refusal to exclude evidence of the oral contract, error is assigned.

It seems to have been the view both of counsel for the appellee and of the court, that this written contract had no effect upon the claim for damages arising from a breach of the oral contract previously made and broken, and therefore the written contract was entirely ignored. It is altogether probable that this would have been a correct view if appellee, both in his pleadings and evidence, had made an attack upon the validity of the written contract by alleging and proving the want of consideration for its execution, or circumstances of duress attending the same. See Texas & Pacific Railway Co. v. Avery, 19 Texas Civ. App., 235, 46 S. W. Rep., 897, and cases there cited.

In the absence, however, of a pleading putting in issue its validity, the written contract imported a consideration, besides reciting as a

consideration for its execution a reduction in the freight rate which the evidence fails to disprove.

Because the court erred in ignoring the written contract when its validity had not been assailed in the pleadings of the appellee, the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*