### CHAS. BAUMBERGER ET AL. v. D. P. ALLEN ET AL

#### No. 1792. Decided February 19, 1908.

**1.—Injunction—Appeal from Interlocutory Order.**

No appeal lies from an order refusing to dissolve an injunction on motion; an appeal from the interlocutory order granting it must be pursued by filing the transcript not later than fifteen days after the entry of record of the order. (Rev. Stats. art. 2989 as amended by Acts, 30th Leg., p. 206.) (Pp. 356, 357.)

**2.—Same—Entry of Record.**

The only statutory provision as to what shall be done with an order granting injunction made in vacation is that the petition and order shall be filed thereupon with the clerk of the proper court, (Rev. Stats,. art. 2995) and this filing constitutes the "entry of record" determining the date from which the time for prosecuting appeal is to be reckoned (Sec. 2, Act of April 16, 1907). (P. 357.)

**3.—Same—Amendment—Continuing Injunction.**

The entry of an order, on denying a motion to dissolve a temporary injunction continuing it in force, was unnecessary; and, though made on an amended petition, will not be considered as the granting of a new interlocutory order for injunction in the absence of a showing that the amendment was necessary to sustain it. (P. 357.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Bertrand & Arnold,* for appellants.—Does the law of 1907 mean that we should have filed the transcript within 15 days after the temporary writ of injunction was first issued by the trial court upon an ex parte hearing without evidence and without notification to appellant? If so, then the transcript would have contained absolutely nothing except the plaintiff's original petition and writ of injunction. There was no evidence introduced and no judgment of the trial court was entered anywhere upon the minutes or appears anywhere in the record. Such a transcript would not furnish this Court of Civil Appeals any basis whatever to review the action of the trial court; and it certainly was not intended by the Legislature that the action of the trial court in granting a temporary writ of injunction upon an ex parte application without hearing evidence or giving the adverse party a chance to file an answer should be reviewed by this upper court. An examination of the Act of the Legislature in question shows the correctness of our contention.

It is clear that the Legislature did not intend the Court of Civil Appeals to review the action of the trial court in granting a temporary writ of injunction upon an ex parte application without hearing any evidence and without giving defendants a chance to answer; but the Legislature intended that in reviewing the action of the trial court the Court of Civil Appeals should have before it not merely the bill but the answer as well. The writ was granted before appellants knew anything about it and before appellants had any opportunity to file an answer. The answer that appellants may file there afterwards would not be relevant in such a transcript unless the trial court should again take up the question of the injunction and base his opinion upon both the bill and the answer. This could only be done by motion to dissolve the injunction, and by hearing the case under Act 3007 of Rev. Stats. The language of the act which we have quoted above clearly shows that the transcript should contain the "bill, answer and such affidavits and evidence as was admitted by the trial court." Such a transcript could not have been made from the first issuance of the writ because there was no answer and no evidence. It was the clear intention of the Legislature that the defendant should have an opportunity to be heard and should file his answer and introduce his evidence; and at such a hearing after the answer was filed and the evidence introduced, then the action of the trial court was subject to review on appeal. If this is not true, why does the Act particularly provide that the case when appealed to the Court of Civil Appeals shall be presented by transcript and heard on the "bill and answer and such affidavits and evidence as may have been admitted by the trial court." How could there be any answer or evidence in the transcript if you appeal from

the granting of a temporary writ based upon an ex parte application without evidence and without notification to defendant?

Would it not be absurd to require litigants to appeal from the action of a trial court in granting a temporary writ upon an ex parte hearing without evidence and without giving defendants a right to be heard when the trial court may of its own accord correct any error when it hears both sides. Certainly the Legislature did not intend to burden the Court of Civil Appeals with reviewing the action of the trial court when the trial court itself would very likely amend or correct any error if given the opportunity to hear both sides.

Was the decree of the trial court "an order or judgment granting or dissolving a temporary writ of injunction?" If so, the appellants would have fifteen days after such judgment within which to file their transcript and as we filed our transcript within that time we have perfected our appeal. The appellees contend that the judgment of the trial court is not a judgment or order granting or dissolving an injunction and therefore our appeal should be dismissed because the transcript was not filed within fifteen days from the time the writ of injunction was first issued upon ex parte hearing. Let us turn to the judgment of the court in question and we will see that the trial judge not only overruled our motion to dissolve the injunction but went further and expressly reaffirmed and regranted the temporary writ of injunction and decreed that the prior writ of injunction should remain in full force and effect. Ripy v. Redwater Lumber Co., 106 S. W. Rep., 474, is conclusive of the above proposition. When the appellees abandoned this original petition and filed their amended petition to supersede this original petition, necessarily the temporary writ of injunction could not continue and exist unless regranted or recontinued affirmatively by the court because the basis upon which the first injunction was issued (to wit: the original petition) had been abandoned, and the prayer upon which it had been granted had been superseded by other pleading. Therefore, the original temporary writ of injunction would necessarily come to an end unless the court took further action and recontinued or regranted it, basing it not as originally upon the original petition but upon the amended original petition and the evidence to substantiate it. Therefore, it is clear that the order of the court from which we appealed was the first order "entered of record."

Article 3007, in the light of which the last Act of the Legislature was passed, provides that when the motion to dissolve the temporary writ of injunction comes up for hearing that "the proceedings upon such hearing including the action of the judge upon the motion shall be entered upon the minutes of the proper court * * * and thereafter shall constitute a part of the record of same." In other words, the law provides that the transcript shall be filed not later than fifteen days after "the entry of record" of such order or judgment. This evidently refers to the entry of record provided for in article 3007 which expressly provides

that the proceedings and decree of the judge in passing upon the motion to dissolve injunction shall be recorded upon the minutes and shall constitute a part of the record.

When the act of the last Legislature provides that the transcript shall be filed within fifteen days "after the entry of record of such order or judgment" it is too clear for argument that the act of the last Legislature was passed in the light of article 3007 and means within fifteen days after the entry of such a judgment or order as is authorized by article 3007. We call this court's attention to the fact that this application was granted in vacation and the motion to dissolve the hearing thereof was heard during vacation. When the District Court adjourns the minutes of the District Court are closed and no judgment or decree or order is copied except nunc pro tunc. There is no provision that we have been able to find providing for the entry upon the minutes of any action of the trial court during vacation except this article 3007. Upon this phase of the case we call this court's attention to the case of New Birmingham Iron & Land Company v. Blevens, 12 Texas Civ. App., 422.

If the contention of the appellees be correct then the Act of the last Legislature could be of no effect whatever because of the impossibility of appealing thereunder. The Act of the last Legislature provides that the answer and the affidavit and evidence heard by the trial court shall be included in the transcript and presented to the Court of Civil Appeals. The answer, evidence and affidavits can only be heard by the defendant following article 3007 of the Revised Statutes. This article provides that in all cases of injunction, motions to dissolve the same without determining the merits may be heard if the answer is filed and at least ten days notice of such motion is given to the opposite party or his attorney. Thus we see that before we could obtain a final judgment of the trial court and have the trial court pass upon our answer and upon the evidence we were required under article 3007 to file a motion to dissolve the injunction and we were required to give the defendants ten days notice of this motion. Thus we see that had we filed the motion to dissolve the injunction the next day after the writ of injunction was served that it would have been about thirteen days after the original writ of injunction was issued before the trial judge could consider the answer and the evidence and pass upon the motion to dissolve. This would give us two days within which to perfect the transcript and file it in the Court of Civil Appeals. It certainly was not the intention of the Legislature to pass such an absurd law.

*Keller & Keller,* for appellees.—The court has no jurisdiction to hear and determine this appeal because section 2, chapter CVII of the Laws of the Thirtieth Legislature, page 207, does not provide for an appeal from an order overruling a motion to dissolve an injunction; and the court erred in overruling appellee's motion to dismiss for want of jurisdiction.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Fourth District, as follows:

"In the above entitled and numbered cause, pending on appeal in this the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas on motion for rehearing, a question of law arises which this court deems advisable to submit to your honorable court for adjudication and has accordingly directed me to certify to your honorable court the following question:

"Explanation.

"D. P. Allen filed a petition in the District Court on July 11, 1907, with the following fiat of the judge written thereon: "Upon the filing of this petition and plaintiff giving bond in the sum of two hundred and fifty dollars conditioned as required by law, the clerk will issue a temporary writ of injunction as prayed for.

"J. L. Camp, Judge.

"The writ was issued and served same day. On July 15, 1907, defendants Baumberger and De Leon filed their motion to dissolve said injunction. On July 31, 1907, plaintiffs and defendants amended. On same day the court heard the motion to dissolve upon testimony and overruled the motion and adjudged as follows as appears from the minutes: 'And the temporary writ of injunction heretofore issued on the 11th day of July, 1907, commanding the defendants to desist and refrain from removing the said barn of the defendant, Charles Baumberger, to or near the southwest corner of Lot one in Block forty-three on the corner of Evergreen and Nixon streets in the city of San Antonio, Bexar County, Texas, belonging to said defendant, Charles Baumberger, or to any other point on said lot where the same will interfere with the light and air of plaintiff's home or become a nuisance to said plaintiffs, and the same remain in full force and effect until the further orders of this court.'

"From this order defendants gave notice of appeal and filed transcript in this court on August 7, 1907, which was within fifteen days from the last mentioned order but more than fifteen days from the fiat of the judge, endorsed on the original petition, but not otherwise 'entered of record.'

"Question. Has this court jurisdiction to consider the appeal?"

We reply that the Court of Civil Appeals had no jurisdiction to consider the appeal in this case.

The right of appeal from an interlocutory order granting or dissolving a writ of injunction rests solely upon the second section, "of an act to amend article 2989, title 56, of the Revised Civil Statutes, with respect to the granting of injunctions, and providing for appeals from judgments or orders from trial courts in such cases, and declaring an emergency." (Laws 30th Leg., p. 206). Section 2 of said Act is in these words: "Any party or parties to any civil suit wherein a temporary injunction may be granted or dissolved under any of the provisions of this title in

term time or in vacation may appeal from the order or judgment granting or dissolving such injunction to the Court of Civil Appeals having jurisdiction of the case; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting or dissolving such injunction." Article 2995, Revised Statutes, provides: "Upon the grant of any writ of injunction, the party to whom the same is granted shall file his petition therefor, together with the order of the judge granting the same, with the clerk of the proper court." This is the only provision of the statute prescribing what shall be done with the order of the court made in vacation, and we think that the filing of the petition with the order endorsed thereon constitutes the "entry of record of such order" within the meaning of section 2 of the Act of 1907 above copied. (Walstein v. Nicholson, 19 Texas Ct. Rep., 898.) It follows from the provisions of the law above quoted that, in order to confer jurisdiction of the appeal upon the Court of Civil Appeals, the transcript must have been filed within fifteen days from the 11th day of July, 1907.

No right of appeal is given from an order refusing to dissolve a writ of injunction, and the language used in the entry of such order to the effect that the writ of injunction previously granted should continue in force until the further order of the court was not the granting of a writ of injunction and was wholly unnecessary to the continuance in force of the writ theretofore granted. The fact that the plaintiff filed an amendment to his petition can not confer the right of appeal upon the parties in this case because it does not appear from the record that the court would have dissolved the existing injunction without the amendment and that the continuance of it was, in effect, the granting of a new writ.