Appellee W. A. Shirley instituted this suit in the County Court of Shackelford County against the Texas Central Railroad Company and the Texas Pacific Railway Company to recover damages to cattle in the sum of six hundred and thirteen dollars and seventy-three cents, because of an alleged delay in the shipping pens at Albany, the initial point of the shipment, and because of delays and negligence on the part of both companies in the transportation from Albany, via Cisco, to Fort Worth, the final destination. The trial resulted in a judgment in favor of the Texas Pacific Railway Company and in favor of appellee Shirley against the appellant the Texas Central Railroad Company for the sum of one hundred and fifty-one dollars with interest thereon at the rate of six per cent per annum from October 20, 1908. The court also rendered judgment that the Texas Pacific Railway Company recover its costs from appellant.
Numerous assignments have been presented, but we find no error prejudicial to appellant except as presented in the fifteenth and twenty-fifth assignments. In the fifteenth assignment complaint is made of the court's refusal to give a special instruction to the effect that the twelfth clause of the written contract of shipment pleaded by appellant constituted a waiver or release on the part of the plaintiff of all claims for damages to the shipment which might be the result of "any delay in the loading and starting of the cattle to market before the signing of the written contracts or bills of lading, unless the jury should find from the evidence that the plaintiff signed the written contract under such circumstances constituting duress." The clause of the contract referred to, and which appellant duly pleaded, provides that "the shipper *Page 160 
hereby releases and waives any and all causes of action for damages by reason of any written or verbal contract for the shipment of said cattle prior to the execution hereof. And hereby releases the party of the first part (the railway company) from liability for any damage which may have been sustained to said cattle by reason of the delay in the shipment of said cattle after being tendered or received for shipment at point of origin prior to the execution hereof."
Appellee Shirley pleaded that the contract had been executed under duress, but the court did not submit the issue, and it seems undisputed that appellee Shirley had long been a shipper of cattle and fully understood the course of like shipments, and understood at the time he placed his cattle in the shipping pens at Albany that bills of lading and written contracts were to be executed by him before the train left Albany. He states that he "signed the usual and expected contract on that occasion." It seems also undisputed that appellee Shirley's right of recovery is dependent alone upon the alleged delay at Albany before the execution of the written contracts, there being no evidence in the record tending to show negligence on the part of either of the railway companies after the shipment began; so that if appellant's proposition be sound, it was important that the instruction requested should be given.
We think it can not be doubted that a defendant may, for a consideration, secure a release for damages already incurred, and the written contract pleaded by appellant imported a consideration. See Sayles' Texas Civil Statutes, article 4863; Missouri, K. T. Ry. of Texas v. Pennington, 32 S.W. 706. The court, therefore, was not authorized to assume, as he in effect did, that the written contracts were without consideration, or had been executed under circumstances amounting to duress. The issue should have been submitted, and the legal effect of the clause in question given as requested for the guidance of the jury in event they found against the plea of duress. See Ft. Worth D.C. Ry. Co. v. Wright, 70 S.W. 335; Ft. Worth D.C. Ry. v. Underwood, 39 Texas Civ. App. 404[39 Tex. Civ. App. 404] (87 S.W. 713); Texas P. Ry. v. Felker, 44 Texas Civ. App. 420[44 Tex. Civ. App. 420] (99 S.W. 439).
We think appellant's complaint in the twenty-fifth assignment of error is also well founded. Appellee Shirley alone appears by the record to have been the cause of the suit against the Texas P. Ry. Co., and the verdict and judgment being in favor of that company as against him we see no reason why appellant should have been taxed with the costs incurred by the Texas 
Pacific Railway Company. These costs, in accordance with the usual rule, should have been taxed against the appellee Shirley. This error, however, will not require the judgment in favor of the Texas Pacific Railway Company in other respects to be reversed, no other complaint being made of the judgment in its favor.
It is accordingly ordered that the judgment against the appellant in favor of appellee Shirley be reversed and the cause as to these parties be remanded for a new trial; that the judgment for costs in favor of the Texas Pacific Railway Company be reversed and here rendered for *Page 161 
appellant; and that the costs of the Texas Pacific Railway Company on this appeal be taxed against said company, but in other respects the judgment in favor of the Texas Pacific Railway Company is undisturbed.
Affirmed in part, and reversed and rendered in part.