## TEXAS RUBBER CO. v. WILSON.

(Court of Civil Appeals of Texas. San Antonio. May 3, 1911. Rehearing Denied May 31, 1911.)

1. APPEAL AND ERROR (§ 505*) — RECORD — TIME OF TAKING PROCEEDINGS.

Under Sayles' Ann. Civ. St. 1897, art. 1383, requiring an appeal from an order appointing a receiver to be taken within 20 days from the entry of the order, an appeal must be dismissed where the record does not affirmatively show that the appeal was perfected within that time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2313; Dec. Dig. § 505.*]

2. APPEAL AND ERROR (§ 101*)—APPEALABLE ORDERS—RECEIVERS.

Without ruling on a motion to dismiss a receiver for insufficiency of the petition, the trial judge permitted a trial amendment and then overruled the motion. Held, that his action was not in effect a reappointment of the receiver, but a refusal to dismiss him, from which order no appeal lies.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 681–687; Dec. Dig. § 101.*]

Appeal from District Court, Brewster County; W. C. Douglas, Judge.

Action by Charles T. Wilson against the Texas Rubber Company. From an order refusing to dismiss a receiver, defendant appeals. Appeal dismissed.

Jas. D. Crenshaw, for appellant. W. Van Sickle and Turney & Burges, for appellee.

JAMES, C. J. [1] The facts concerning the record filed in this case are: That on September 28, 1910, an interlocutory order was made upon the amended original petition of Wilson granting a receivership and appointing a receiver. The order shows that it was made by the district judge at Ft. Stockton, Pecos county, Tex., on September 28, 1910, and filed on September 29, 1910, presumably by the district clerk of Brewster county. The order was made, evidently without notice to the defendants. Defendants filed their original answer on February 20, 1911, consisting of a number of exceptions to said amended original petition, and a general denial. On February 24, 1911, defendants filed motion to dismiss and remove the receiver, first, because he was appointed ex parte, and without notice to defendants; second, because the allegations of the said petition show no necessity for the appointment of a receiver; and, third, because it alleges no facts authorizing the appointment of the receiver. On February 24, 1911, the following order was made, from which notice of appeal was given: "Chas. T. Wilson, No. 599, v. W. H. Stayton et al. District Court, Brewster County, Texas. On this the 24th day of February, 1911, came on to be heard the motion, filed herein on February 24, 1911, of defendants, Texas Rubber Company, and Big Bend Manufacturing Company, to dismiss the receiver heretofore appointed in said cause, and the court, after hearing the argument of counsel, stated that the first amended original petition of plaintiff upon which said receiver was appointed was defective as suggested by said defendants' attorney in that said petition did not allege that the Texas Rubber Company had ceased to operate its factory at Marathon, Tex. Whereupon plaintiff asked leave to file a trial amendment to cure said defect which the court granted. To this action of the court the defendants objected, and insisted that the court should rule on the motion. This the court refused to do until after said trial amendment had been filed. The plaintiff then filed said trial amendment whereupon the court overruled said motion to dismiss said receiver. To which action of the court said defendants excepted and gave notice of appeal to the Fourth Court of Civil Appeals at San Antonio, Tex."

Defendants' assignments of error and appeal bond are file-marked February 13, 1911, but this is an evident mistake, as the proceedings they refer to were not had until February 24, 1911, and it is conceded that the date was March 13th. The transcript was filed in this court on March 16, 1911.

It appears from the order of February 24, 1911, that the district judge was of opinion, derived from the arguments upon the motion to dismiss, that plaintiff's amended original petition upon which the receivership had been granted was defective in that it did not allege that the Texas Rubber Company had ceased to operate its factory, and that upon his so stating plaintiff, with leave, filed a trial amendment, whereupon the court overruled the motion to dismiss the receivership, the court refusing to rule on the motion before the filing of the trial amendment.

Article 1383, Sayles' Rev. St. 1897, allows appeal from an interlocutory order of the district court appointing a receiver, provid-

---

ed said appeal be taken within 20 days from the entry of the order. The grant of this receivership was at Ft. Stockton, the county seat of Pecos county, on the 28th day of September, 1910, while the district court of that county was in session. Brewster county being in the same judicial district, this order granting the receivership was in vacation. The transcript before us contains the order of September 28, 1910, certified as a part of the proceedings in the cause showing that it was filed with the district clerk of Brewster county on the following day. Nothing appears with reference to the time of its entry on the minutes of the court. Therefore, it is not affirmatively made to appear by the record that this appeal was perfected within 20 days from the entry of said order of September 28, 1910, which would, in any event, be necessary to enable us to exercise appellate jurisdiction over said order. However, it would seem from the cases of Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526, and Walstein v. Nicholson, 47 Tex. Civ. App. 358, 105 S. W. 217, that the filing of such order, made in vacation, with the clerk of the district court, was an "entry" within the meaning of the statute. We conclude that we have no jurisdiction to review the order of September 28, 1910.

[2] If any matter relating to this receivership is before us for review on this appeal, within our jurisdiction, it must be based on the order of February 24, 1911, overruling the motion to dismiss the receiver. This is the order appealed from. In this connection the position that appellant takes is that the court having found that the pleading upon which the receiver was appointed in September, 1910, was defective, and having overruled the motion only after the defect was cured by a trial amendment, this action of the court was in effect the granting of a new receivership.

There is an expression in the opinion of the Supreme Court in the Baumberger v. Allen Case which lends some countenance to this view. The proceedings in appeals allowed from interlocutory orders in injunctions are analogous. The court stated in the above case: "The fact that the plaintiff filed an amendment to his petition cannot confer the right of appeal upon the parties in this case, because it does not appear from the record that the court would have dissolved the existing injunction without the amendment, and that the continuance of it was, in effect, the granting of a new writ."

It does not affirmatively appear from the record before us that the judge would have sustained the motion had the amendment not been filed. The judge in fact refused to make a ruling on the motion, and did not rule until after the amendment was filed, and then overruled the motion. What he would have done had the amendment not

been filed is not made certain, and, though probable, cannot be assumed. He certainly did not dismiss the receiver and reappoint him. His action, as made and embodied in the order appealed from, was a refusal to dismiss and remove him, and from such an order an appeal is not allowed. T. & O. Lumber Co. v. Applegate, 114 S. W. 1159; Fidelity Funding Co. v. Hirschfeld, 41 Tex. Civ. App. 517, 91 S. W. 246.

We conclude that we have no jurisdiction of the matter, and therefore dismiss the appeal.