### WELBORN v. COLLIER et al.

(Court of Civil Appeals of Texas. El Paso. Nov. 13, 1912. Rehearing Denied Dec. 11, 1912.)

APPEAL AND ERROR (§ 100*)—DECISIONS REVIEWABLE—REFUSAL TO DISSOLVE INJUNCTION.

Jurisdiction to review an order denying a motion to dissolve or modify a temporary injunction is not given by Rev. Civ. St. 1911, art. 4644, authorizing appeal from an order granting, refusing, or dissolving a temporary injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by H. T. Collier and others against W. C. Welborn and others. From an order refusing to dissolve a temporary injunction, defendant Welborn appeals. Dismissed.

Hefner & Cooke, of Pecos, for appellant. Hudson & Canon, of Pecos, for appellees.

HARPER, C. J. This appeal is by W. C. Welborn from an order of the district court of Reeves county, dated 22d day of June, 1912, overruling his motion to dissolve a temporary writ of injunction which had been granted on 1st day of June, 1912. The trial court's order is as follows: "H. T. Collier et al. v. J. F. Harbour et al. No. 1010. On this the 22d day of June, A. D. 1912, came on to be heard the above-entitled cause on the motion of defendant, W. C. Welborn, to dissolve or modify the injunction heretofore granted in this case on June 1, 1912, and the plaintiff appeared in person and by attorney and announced ready, and the defendant, W. C. Welborn, appeared in person and by attorney, and announced ready. * * * Then came on to be heard the answer and motion of defendant, praying for a dissolution or modification of said injunction. Whereupon the court held that it was incumbent upon the defendant to introduce evidence to sustain his motion to dissolve, and the court requested defendant to offer evidence showing cause why said injunction should be modified; and the defendant Welborn refusing to offer evidence either to sustain his motion to dissolve or to modify said injunc-

tion, and stood upon the bill and answer, and the court, having considered same, is of the opinion that said motion and prayer should be overruled and said injunction continued in force. It is therefore ordered, adjudged, and decreed by the court that said motion and prayer by the defendant, W. C. Welborn, to modify or dissolve the temporary injunction issued in this cause be, and the same is hereby, overruled, to which order and judgment of the court the defendant then and there in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Eighth Supreme Judicial District, at El Paso."

Article 4644 of the Revised Civil Statutes 1911 reads: "Any party or parties to any civil suit wherein a temporary injunction may be granted, refused or dissolved, under any of the provisions of this title, in term time or in vacation, may appeal from the order or judgment granting, refusing or dissolving such injunction, to the Court of Civil Appeals having jurisdiction of the case; but such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order; provided, the transcript in such case shall be filed with the clerk of the Court of Civil Appeals not later than fifteen days after the entry of record of such order or judgment granting, refusing or dissolving such injunction." As the order appealed from was not an order granting, nor refusing, nor dissolving the temporary injunction previously issued, this court has no jurisdiction to determine the appeal, which is therefore dismissed. Baumberger v. Allen, 101 Tex. 353, 107 S. W. 526. See, also, C. B. Live Stock Co. v. Parrish, 127 S. W. 855.

Appeal dismissed.