### JAYNES et ux. v. BURCH et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 30, 1912.)

1. APPEAL AND ERROR (§ 100*)—APPEALABLE ORDERS—REFUSAL TO DISSOLVE TEMPORARY INJUNCTION.

Under Acts 31st Leg. c. 34, amending Acts 30th Leg. c. 107, authorizing an appeal from an order granting, refusing, or dissolving a temporary injunction, no right of appeal lies from an order refusing to dissolve such an injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

2. APPEAL AND ERROR (§ 621*)—RESERVATION OF GROUNDS—CERTIFICATION—TIME.

An appeal from an order granting a temporary injunction cannot be considered, where the transcript was not filed in the Court of Civil Appeals within 15 days from the entry of record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2724–2731; Dec. Dig. § 621.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Petition by Mrs. Quincy Hamilton Burch and another against J. F. Jaynes and wife for a restraining order. From an order overruling a motion to dissolve, and continuing in force, a temporary injunction, respondents appeal. Appeal dismissed.

I. C. Underwood and C. F. Greenwood, both of Dallas, for appellants. Brooks & Worsham, of Dallas, for appellees.

TALBOT, J. This is an appeal from an order of the district court overruling a motion to dissolve, and continuing in force, a temporary injunction. The record discloses that the appellee, Mrs. Quincy Hamilton Burch, joined by her husband, T. C. Burch, filed in the district court of Dallas county, on the 21st day of September, 1912, a petition with the following fiat of the judge of said court indorsed thereon: "When the plaintiffs shall have filed a properly conditioned bond in the sum of $250, the clerk will issue a temporary restraining order, prohibiting the transfer and negotiation of the notes described in this petition, and will issue notice to the defendants to appear at 9 a. m. September 28, 1912, and show why said restraining order should not be continued in force. [Signed] Kenneth Foree, Judge 14th Dist. Tex." On September 28, 1912, the defendants, appellants here, filed a lengthy answer, which they claimed denied all the material allegations of the plaintiffs' petition, and prayed that the injunction theretofore granted be dissolved and the cause dismissed. On

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the 5th day of October, 1912, a judgment was entered overruling the motion to dissolve and continuing the temporary injunction in force. This judgment recites that, the cause "coming on to be heard * * * upon defendants' motion to dissolve the temporary restraining order heretofore granted, * * * came the plaintiffs in person and by attorneys, and also came the defendants in person and by attorneys, and both sides announced ready for trial upon the injunction feature of the case. * * * The petition of plaintiffs being read, and the exceptions, motion, and answer of defendants being read, * * * and the court, after having heard all the pleadings, evidence, and argument of counsel, is of opinion that the defendants' motion to dissolve said restraining order should be overruled and refused." The judgment then expressly continues in force the temporary injunction granted on September 21, 1912, and concludes as follows: "To the action, rulings, order, judgment, and decree of court the defendants then and there in open court excepted, and in open court the defendants and each of them gave notice of appeal to the Court of Civil Appeals, Fifth Supreme Judicial District of the state of Texas, at Dallas, Texas."

[1] This is, in substance, the record sent to this court, and the question arises: Has this court jurisdiction to consider the appeal? That this question should be answered in the negative seems to be well settled by the statute and decisions of the appellate courts of this state. As affecting the question before us, there is no material difference in the statute of the Thirtieth Legislature (Acts 1907, c. 107), which has been several times construed by our courts, and the statute of the Thirty-First Legislature (Acts 1909, c. 34) amendatory thereof. Neither of these statutes gives the right of appeal from an order refusing to dissolve an injunction, and the continuing of an injunction previously granted in force by express language to that effect in the order refusing to dissolve until the further order of the court is not, in contemplation of the statute, the granting of a writ of injunction. Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526.

[2] The record, we think, very clearly shows that the appeal is prosecuted from the order entered refusing to dissolve the temporary injunction; but if under any sort of construction it could be said the appellants' purpose was to, and that they did, appeal from the order of Judge Foree granting said temporary injunction, then the transcript was not filed in this court within the time prescribed by the statute, and the appeal cannot be entertained by this court. As has been seen, the temporary injunction was granted on the 21st day of September, 1912, and the transcript was not filed in this court until October 20, 1912. The statute requires that the transcript in appeals from an inter-locutory order granting a temporary injunction shall be filed in the Court of Civil Appeals not later than 15 days after the entry of record of such order, and the filing of the petition with the order indorsed thereon constitutes the "entry of record of such order." Walstein v. Nicholson, 47 Tex. Civ. App. 358, 105 S. W. 207; Baumberger v. Allen, supra. Not having filed the transcript in this court within the time prescribed by the statute, the appellants' right of appeal from the order of September 21, 1912, granting the temporary injunction, was lost. It was necessary, in order to confer jurisdiction on an appeal from the order granting the temporary injunction in this case upon this court, for the appellants to have filed the transcript within 15 days from September 21, 1912. Baumberger v. Allen, supra; Powdrill v. Powdrill, 134 S. W. 272. For other cases holding that no appeal lies from an order overruling a motion to dissolve an injunction, see Dodson v. Boger, 130 S. W. 1021; Bledsoe et al. v. United Brothers of Friendship and Sisters of Mysterious Ten, 131 S. W. 256.

This court not having jurisdiction of the appeal, it is dismissed.