SANDERS et al. v. BLEDSOE. (No. 1506.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 9, 1915. On Motion for Rehearing, Nov. 25, 1915.)

1. APPEAL AND ERROR ⚖══100 — TEMPORARY INJUNCTION—ORDER DISSOLVING.

An order overruling a motion to dissolve a temporary writ of injunction is not appealable within Rev. St. 1911, art. 4644.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. ⚖══100.]

On Motion for Rehearing.

2. APPEAL AND ERROR ⚖══790 — REVIEW — COSTS—ADJUDICATION.

Where the continuing of a final injunction to a specified date as prayed for in the petition constituted a final disposition of the case, and there was an appeal from such order, but the injunction had expired in the meantime by its own limitation, leaving nothing but the question of costs to be determined, the Court of Civil Appeals will not entertain jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 47, 3132, 4383, 4384; Dec. Dig. ⚖══790.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action between John C. Sanders and others and W. F. Bledsoe. Appeal from an order overruling a motion to dissolve a temporary writ of injunction. Case dismissed. See, also, 173 S. W. 539.

Lane & Lane, of Marshall, and G. W. Barcus, of Waco, for appellants. J. H. T. Bibb, of Marshall, for appellee.

HODGES, J. [1] The record shows that this appeal is from an order overruling a motion to dissolve a temporary writ of injunction. Orders of this kind are not appealable within the provisions of the statute. Article 4644, Rev. Civ. St. 1911; Welborn v. Collier, 151 S. W. 655. This court is without jurisdiction, and the appeal is therefore dismissed.

### On Motion for Rehearing.

At a former day of this term we dismissed this appeal, upon the ground that it was prosecuted from a nonappealable order. In their motion for a rehearing, however, counsel for appellants have convinced us that it is from a final judgment, and not from an order overruling a motion to dissolve a temporary injunction. We were mislead by the novel proceeding which the judgment shows took place upon the trial. The judgment contains the following recitals:

"And thereupon came on for hearing the defendants' motion to dissolve said injunction, and the court, after having heard said motion and the evidence and the argument of counsel, is of the opinion that the intervener, the National Grand Lodge of United Brothers of Friendship and Sisters of the Mysterious Ten of North America, South America, Europe, Asia, and Africa, is the owner of the judgment involved herein, and through its National Grand Master and finance committee are entitled to control said judgment, and that the intervener and the plaintiff, W. F. Bledsoe, are entitled to the relief prayed for.

"It is therefore ordered, adjudged, and decreed by the court that said motion of the defendants to dissolve said injunction be, and the same is hereby, overruled, to which ruling the defendants then and there excepted.

"It is further ordered, adjudged, and decreed that the injunction heretofore granted on the 27th day of November, 1914, as modified on the 26th day of February, 1915, be, and the same is, continued in full force and effect until the 1st day of August, 1915, to which ruling of the court the defendants then and there excepted.

"It is further ordered, however, that this judgment shall not, in any wise, affect the rights of the National Grand Lodge of the United Brothers of Friendship, etc., or the proper officers thereof, from enforcing or collecting said judgment at any time."

[2] It is only by reference to the plaintiff's original petition that it could be ascertained that continuing in force the temporary order theretofore granted until the 1st day of August, 1915, was a final disposition of the case, and not the mere continuation of a temporary restraining order, leaving an application for a perpetual injunction open for the final hearing. We find, however, that the plaintiff in his original petition only ask-ed for an injunction until the 15th day of August. It is evident from the terms of the judgment that the injunction has expired by limitation, and the question raised on this appeal can be considered only for the purpose of determining which party is liable for costs. This court will not entertain jurisdiction for that purpose. Robinson v. State, 87 Tex. 562, 29 S. W. 649.

The judgment heretofore entered, dismissing the appeal, will be set aside, and the case dismissed.