## DALLAS COUNTY ARCADIA FRESH WATER SUPPLY DIST. NO. 1 v. PRUITT. (No. 8945.)

(Court of Civil Appeals of Texas. Dallas. Nov. 11, 1922.)

1. **Appeal and error ⬅611—Filing transcript jurisdictional to appeal from interlocutory order of injunction.**

Vernon's Ann. Civ. St. Supp. 1922, art. 4644, provides that any party in a suit where a temporary injunction may be granted or refused, or, having been granted, shall on motion be dissolved, may appeal from the order provided the transcript in such case be filed not later than 20 days after entry of record of such order, and on appeal from such order not only must the record of appeal be presented by a transcript, but the filing of the transcript in such case is jurisdictional, and cannot be waived.

2. **Appeal and error ⬅594—Appeal not presented on original papers filed in trial court.**

Vernon's Ann. Civ. St. Supp. 1922, art. 4645, to the effect that it shall not be necessary to brief a case on appeal from an interlocutory order of injunction, and that the case may be heard on bill, answer, affidavits, and other evidence admitted by the judge below, does not mean that the case can be presented on appeal merely upon the original papers filed. Contrary to article 4644, requiring a transcript to be filed within 20 days.

Appeal from District Court, Dallas County; John W. Pope, Special Judge.

Suit for injunction by Mrs. J. M. Pruitt against the Dallas County Arcadia Fresh Water Supply District No. 1. From an order overruling motion to dissolve temporary mandatory injunction, defendant appeals. On motion to dismiss. Appeal dismissed.

Clark & Clark, of Dallas, for appellant. Edith Wilmans, of Dallas, for appellee.

HAMILTON, J. This appeal is prosecuted from an order of the court below overruling a motion to dissolve a temporary mandatory injunction granted upon the petition of appellee on the 16th day of September, 1922.

No transcript has been filed in the case, and appellant has attempted to submit the cause to this court for its consideration exclusively upon the following: A statement of facts, certain original pleadings, a sheet taken from the court's trial docket, which is certified to by the district clerk, an uncertified copy of the judgment entered below, and other original papers.

Appellee has filed a motion to dismiss the appeal, for the reason that appellant has not filed a transcript in this court as provided by law, but, in lieu thereof, has attempted to bring the case before this court by merely filing here original papers used in the proceedings below. This motion must be sustained. The appeal is prosecuted under and in relation to articles 4644 and 4645, V. R. S. 1922 Supp., which provide for and govern appeals to this court from orders of such nature. This being an appeal from an interlocutory order, and the authority for it resting exclusively within the terms of the above-cited articles of the statute, strict conformity with all the provisions of those articles must be observed in procedural steps of appeal.

[1] Article 4644, supra, provides that the transcript in such cases shall be filed with the clerk of the Court of Civil Appeals "not later than twenty days after the entry of record of such order or judgment granting, refusing, dissolving or refusing to dissolve such injunction." Article 4645 provides that it shall not be necessary to brief the case in the Court of Civil Appeals or the Supreme Court, but that it may be heard in these courts "on the bill and answer, and such affidavits and evidence as may have been admitted by the judge granting, refusing, dissolving or refusing to dissolve such injunction," etc.

The provisions of article 4644 with reference to the requirement for the filing of a transcript are identical with the provisions of the statute as it existed prior to 1920, with the exception that the time within which the law now requires the transcript to be filed in the Court of Civil Appeals is 20 days, whereas previous to the amendment of this statute in 1920 the time limit for the filing of the transcript was only 15 days. The 1920 amendment made no alteration in the law except that it included a provision allowing an appeal from an order of the trial court refusing to dissolve an injunction (which is the order appealed from here) and extended the time allowed for the filing of a transcript in the Court of Civil Appeals from 15 days to 20 days. In all other respects the articles providing for interlocutory appeals in such cases are identical with those articles as they were originally enacted in 1907.

The various decisions of appellate courts construing the provisions of article 4644 with reference to the filing of a transcript in an appeal of this nature seem to hold, not only that the record on appeal must be presented by means of a transcript, but that the filing of the transcript in such cases is jurisdictional, and that it cannot be waived. Pow-

drill v. Powdrill (Tex. Civ. App.) 134 S. W. 272.; Live Stock Co. v. Parrish, 59 Tex. Civ. App. 386, 127 S. W. 854; Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526; Jaynes v. Burch (Tex. Civ. App.) 151 S. W. 596. Since the foregoing authorities, as well as the very terms of the statute, require that the record be presented in a transcript and not in the manner attempted in this case, we think it clear that the appeal ought not to be entertained.

[2] The provisions of article 4645, to the effect that it shall not be necessary to brief the case, and to the further effect that the case may be heard on the bill and answer and affidavits and other evidence admitted by the judge below, do not mean that the case can be presented to this court merely upon the original papers filed in the trial court. The effect of the provision that the case may be submitted upon the bill and answer is merely to eliminate the requirement of embodying bills of exceptions, assignments of error, etc., in the transcript, and to leave the litigant free to submit to the appellate court for review only the pleadings of the parties and the evidence introduced thereon from which to determine whether or not the trial court acted properly in making the order appealed from. The provisions of the statute do not under any proper construction convey the idea that the Court of Civil Appeals or the Supreme Court should attempt to dispose of the appeal without a transcript of the proceedings below containing all the essentials to a review of the court's order.

The motion accordingly is sustained, and the appeal is dismissed.