S. D. TINNEY, Jr., Appellant,

v.

TINNEY PRODUCE COMPANY, Inc., Appellee.

No. 13459.

Court of Civil Appeals of Texas.

Houston.

April 30, 1959.

On Appellant's Motion to File Transcript and to Certify Question May 14, 1959.

Rehearing Denied May 21, 1959.

Arnold H. Krichamer, Wm. N. Bonner, Houston, for appellant.

Chas. W. Bell, John V. Singleton, Jr., Otto A. Yelton, Jr., Houston, for appellee.

WOODRUFF, Justice.

This is an appeal by S. D. Tinney, Jr., from an order entered March 31, 1959, by the District Court of Harris County refusing ·to set aside, modify or construe a prior order of temporary injunction dated October 23, 1958, restraining appellant from engaging in certain business activities as being in competition with the business of the appellee, Tinney Produce Company, Inc., in violation of a restrictive covenant contained in an employment contract theretofore entered into between them.

Appellant filed his original brief on April 10, 1959, which failed to disclose the procedural steps employed in perfecting the appeal. On April 14, 1959, appellee filed its brief. At the very outset thereof appellee suggested without amplification either by argument or citation of authority that there was a doubt concerning this Court's jurisdiction. Two days later appellant filed his reply brief in which he set forth the filing in this Court of a certified copy of his appeal bond dated March 31, 1959, several certified copies of the District Court's orders, the original depositions of four witnesses which were used in the several hearings, a verified statement of the testimony of one witness on a contempt hearing, and the statement of facts containing the testimony offered upon the trial, from which he appealed. There also appears in the file all of the original pleadings except those in a contempt hearing, and the original of the order dated March 31, 1959, from which he appealed. These, so appellant asserted, were filed under Rule 385(d), Texas Rules of Civil Procedure, and thus his record was perfected.

This cause was advanced on the docket and was submitted to this Court on oral argument during the forenoon of Saturday, April 18, 1959. No point was made in oral argument concerning the Court's jurisdiction by either party.

Following the presentation of the case, a conference was held and a study of the case began. The next day was Sunday and on Monday, April 20, 1959, careful consideration was devoted to the briefs of the parties, and the numerous cases cited therein. After completing a thorough study of each party's contention, which consumed several

days, the Court deemed it advisable to resort to research on the question of its jurisdiction which had not been briefed by either party.

■ After a careful study of the question, we have concluded that this Court is without jurisdiction of this appeal. Appellant has failed to file a transcript in this case with the Clerk of this Court within twenty days after the entry of record of the order appealed from and no motion has been filed within five days thereafter showing good cause for extending the time for the filing of a transcript.

This precise question was involved in the case of Walker v. Cleere, Tex.Civ.App., 171 S.W.2d 151, 153, in which it was held that not only should a motion to dismiss an appeal from an interlocutory order be sustained where no transcript was filed within twenty days after its entry and no motion to extend the time for the filing thereof for good cause was filed within the twenty-five day period, but it was further stated that under such circumstances "it is the duty of the court to take notice of its want of jurisdiction to determine the merits of the appeal" in the absence of a motion to dismiss.

Following that Court's rendition of its opinion, the question was certified to the Supreme Court as to whether or not the failure of the appellee to file a motion within thirty days after a late filing of the transcript waived the right to have the case dismissed.

In Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956, 958, the Supreme Court answered the question, holding that the filing of the record in the Court of Civil Appeals within the time fixed by Rule 385 is jurisdictional and compliance therewith was not waived by failure to file a motion to dismiss within the thirty days thereafter. In the forepart of the opinion, the Court stated that this rule makes two requirements for the taking of an appeal from such orders: first, filing a bond and; second, filing the *record* in the appellate court within the time

therein specified, both being essential. The Court then pointed out that Rule 385, T.R.C.P., regulates appeals from all interlocutory orders, including orders granting or refusing temporary injunctions, which prior to the adoption of the Rule were controlled by Article 4662. That statute, so the Court noted, provided that "Any party to a civil suit wherein a temporary injunction may be granted or refused * * * may appeal from such order or judgment to the Court of Civil Appeals by filing a transcript in such case with the clerk of the appellate court not later than twenty days after the entry of record of such order or judgment." After observing that the period of twenty days had previously been fifteen days before the amendment of Article 4662, the Court then cited its prior holding in Baumberger v. Allen, 101 Tex. 352, 357, 107 S.W. 526, 527, where, in construing Article 4662, it was said:

"'It follows, from the provisions of the law above quoted, that, in order to confer jurisdiction of the appeal upon the Court of Civil Appeals, the transcript must have been filed within 15 days from the 11th day of July, 1907.' (The date of the entry of the order appealed from.)"

■ It is apparent from the foregoing that the term "record" as used in Rule 385 (b) requires the filing of a transcript, irrespective of the provisions of subdivision (d) of the rule relating to "the bill and answer and such affidavits and evidence as may have been admitted by the judge of the court below."

Any doubt concerning the meaning of the term "record" as used is dispelled by the fact that the Supreme Court took occasion to cite the holdings in a number of cases decided by the Court of Civil Appeals. The first was Dallas County Arcadia Fresh Water Supply Dist. No. 1 v. Pruitt, Tex.Civ. App., 245 S.W. 85. That was an appeal from an order overruling a motion to dissolve a temporary mandatory injunction. At the outset the opinion stated:

"No transcript has been filed in the case, and appellant has attempted to submit the cause to this court for its consideration exclusively upon the following: A statement of facts, certain original pleadings, a sheet taken from the court's trial docket, which is certified to by the district clerk, an uncertified copy of the judgment entered below, and other original papers.

"Appellee has filed a motion to dismiss the appeal, for the reason that appellant has not filed a transcript in this court as provided by law, but, in lieu thereof, has attempted to bring the case before this court by merely filing here original papers used in the proceedings below. This motion must be sustained."

After discussing Articles 4644 and 4645, which under the later amendment became Article 4662, the Court said:

"The various decisions of appellate courts construing the provisions of article 4644 with reference to the filing of a transcript in an appeal of this nature seem to hold, not only that the record on appeal must be presented by means of a transcript, but that the filing of the transcript in such cases is jurisdictional, and that it cannot be waived. * * *

" * * * The effect of the provision that the case may be submitted upon the bill and answer is merely to eliminate the requirement of embodying bills of exceptions, assignments of error, etc., in the transcript, and to leave the litigant free to submit to the appellate court for review only the pleadings of the parties and the evidence introduced thereon from which to determine whether or not the trial court acted properly in making the order appealed from. The provisions of the statute do not under any proper construction convey the idea that the Court of Civil Appeals or the Supreme Court should attempt to dispose of the appeal without a transcript of the proceedings below containing all

the essentials to a review of the court's order."

■■■. Although it is of no consequence in this case, we direct attention to the fact that our Supreme Court in Western Union Tel. Co. v. Texas Employment Commission, 150 Tex. 526, 243 S.W.2d 154, has criticised the use of photostatic copies in transcripts, particularly where they are difficult to read:

This appeal, therefore, must be dismissed, and it is so ordered.

On Appellant's Motion to file Transcript and to certify questions

On May 5, 1959, (5 days after this Court rendered its opinion and 35 days after the date of entry of the Trial Court's order) appellant tendered to the Clerk of this Court a transcript prepared and certified by the District Clerk of Harris County. Accompanying the transcript was his motion seeking an order that the transcript be filed and considered as a part of the record in this appeal; that the cause be heard on its merits; or, in the alternative, that certain questions directed to this Court's jurisdiction and the merits of the case be certified.

In written arguments filed in support of his motion, appellant takes issue with this Court's opinion in construing and following the Supreme Court's opinion in Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956. The pith of his position is contained in the excerpt taken from his supplemental argument, as follows:

"We here call attention to the fact that Walker v. Cleery, 174 S.W.2d 956, did not involve *what* was filed, but *when* the 'record' was filed. Therefore, the citation in this early case to Dallas County Arcadia Fresh Water District v. Pruit, supra, was a mistake, since that case (decided in 1922) involved *what* was filed and not *when*."

To be fair with appellant it is not clear whether his criticism for the citing of the

last mentioned case was directed only to this Court's opinion or not. Nevertheless, we treat the opinion in Dallas County Arcadia Fresh Water Supply District No. 1 v. Pruitt, Tex.Civ.App., 245 S.W. 85, as having met the express approval of the Supreme Court in Walker v. Cleere, supra, wherein it was cited as the first case among many others in holding that in an appeal from an order granting or refusing, a temporary injunction, the filing of the record (theretofore explained to mean the transcript—citing Baumberger v. Allen, 101 Tex. 352, 107 S.W. 526) within the time now fixed by Rule 385, T.R.C.P., as 20 days, unless extended within 5 days thereafter, is jurisdictional.

Moreover, it is evident that when the term "record" was used by the Supreme Court in Walker v. Cleere, supra, it referred only to the transcript. This is made plain by the opinion of the Court of Civil Appeals, 171 S.W.2d 151, wherein the "transcript" was stated as not having been timely filed. It is also made evident by the concluding words of the question certified to the Supreme Court, reading:

"* * * and if the record is subsequently filed, will the right to object to the failure to file same, as provided by said rule, be waived unless the motion urging such objection be filed within thirty days after the filing of the transcript (record) in the Court of Civil Appeals (See Rules 404, 405)?"

The holding, as we view it, in Dallas County Arcadia Fresh Water Supply District No. 1 v. Pruitt, supra, is conclusive on the question before us, not only by force of the decision of the Court of Civil Appeals, but also by having been cited with approval by our Supreme Court in construing our Rules of Civil Procedure. From these holdings it is clear that the bringing up to this Court of the original pleadings, orders, certified copies and a miscellaneous lot of other instruments from the Trial Court, as heretofore enumerated, did not constitute a transcript.

Appellant, in his second supplement to his motion, cites Jones v. Jones, 156 Tex. 287, 296 S.W.2d 237, 239, and Timon v. Dolan, Tex.Civ.App., 244 S.W.2d 987. In the former case Rule 334 applicable to appeals from a judgment rendered by the Probate Court to the District Court was involved. As the Supreme Court pointed out, Rule 334 does not require "the usual transcript." Too, the analogy between that case and Timon v. Dolan, supra, was recognized though Rule 337 was involved. The clear distinction, however, between both of those cases and cases involving Rule 386, and which would apply with equal force to Rule 385, with which we are here concerned, is succinctly pointed out on page 989 of 244 S.W.2d, Timon v. Dolan.

This Court does not feel warranted under these circumstances in adding to the burden of our Supreme Court by certifying any questions in this case.

Appellant's motions to order the filing of the transcript and to certify questions are accordingly refused and overruled.